# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

MICHAEL R. MARTIN,

    Plaintiff,

v.

ADAMS COUNTY, COLORADO;
ADAMS COUNTY BOARD OF COMMISSIONERS;
ADAMS COUNTY SHERRIF DOUG DARR, in his individual and official capacities; and,
JOHN DOES 1 – 6, in Adams County individual and official capacities as Adams County Deputy Sheriffs.

    Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

    Plaintiff Michael R. Martin, by and through his attorneys, Stephen A. Justino, of Stephen A. Justino, P.C., respectfully alleges for his Complaint as follows:

### INTRODUCTION

1.    When he entered the Adams County Detention Center (ACDC), to serve a lawfully adjudged sentence for non-violent crimes, Plaintiff Michael R. Martin had no chronic health conditions.

2.    When he was released from the ACDC, Plaintiff Michael R. Martin suffered from chronic: ringing in his ears; blurred vision; slurred speech; severe back pain; and bilateral

y

numbness of the upper and lower extremities.

3. Plaintiff Michael R. Martin's injuries were the result of Defendants' cruel and inhumane treatment and use of excessive force.

4. Defendants' mistreatment of Plaintiff Michael R. Martin was part of a custom, policy and/or practice of Adams County and the Adams County Sheriff's Department. This is a civil action for declaratory and other equitable relief, as well as damages, pursuant to 42 U.S.C. § 1983 for Defendants' violation of Plaintiff Michael R. Martin's rights under the United States Constitution.

## II. JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States, and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

6. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State at the time of the events giving rise to this litigation.

## III. PARTIES

7. Plaintiff Michael R. Martin was, at all times relevant hereto, a citizen of the United States and a resident of the State of Colorado. During the relevant time period, Plaintiff Michael R. Martin was a post-trial detainee at the Adams County Detention Center (ACDC) in Brighton, Colorado.

8. Defendant Adams County is a political subdivision of the State of Colorado.

9. Defendant Adams County Board of County Commissioners is a political subdivision of the State of Colorado.

10. At all times relevant to the subject matter of this litigation, Defendant Sheriff Darr was a citizen of the United States and a resident of Colorado and was acting both in his individual capacity, and under color of state law in his capacity as Sheriff of Adams County, Colorado.

11. At all times relevant to the subject matter of this litigation, Defendants JOHN DOES #1 - 6, were Adams County Deputy Sheriffs acting both in their individual capacities, and under color of state law in their official capacities.

## IV. FACTUAL BACKGROUND

12. This case arose on July 28, 2006, when Plaintiff Michael R. Martin was a post-trial detainee in the ACDC.

13. On that date, in the presence of the ACDC nurse, Plaintiff Michael R. Martin suffered a seizure with convulsions, the biting of his tongue, vomiting and loss of consciousness.

14. As he began to come out of the seizure, Plaintiff Michael R. Martin reached up to the nurse, in a non-threatening manner, for assistance.

15. A Deputy Sheriff who was present during the seizure (Defendant JOHN DOE #1) pulled out an electroshock weapon, known as a "Taser," and administered two electric shocks to Plaintiff Michael R. Martin on his back, in the area of his spinal column.

16. After Defendant JOHN DOE #1 administered the two electric shocks

approximately four or five additional Deputy Sheriffs (Defendants JOHN DOE 2 – 6) came in the room and proceeded to hold Plaintiff Michael R. Martin down to the ground and physically assaulted, battered, and used excessive force on, him.

17. As a result of the physical assault and battery, Plaintiff Michael R. Martin suffered bruising all over his body.

18. As a result of the electric shocks, and the physical assault and battery, Plaintiff Michael R. Martin was rendered unconscious, and was in a coma-like state, for between 2 to 5 hours.

19. Administering electric shocks, and physically assaulting and battering a person suffering a seizure, rather than providing him with assistance, are actions which shock the conscience.

20. As a direct and proximate result of being shocked and physically assaulted and battered, Plaintiff Michael R. Martin suffered serious, permanent, physical injuries.

**FIRST CLAIM FOR RELIEF**
**(§ 1983 – Excessive Force Against Defendant JOHN DOE # 1)**

21. Plaintiff Michael R. Martin hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

22. At all times relevant to the allegations in this complaint Defendant JOHN DOE #1 was an Adams County Deputy Sherriff acting under color of state law.

23. The identity of JOHN DOE #1 was, and is, known by Defendants Adams County, Adams County Commissioners, and Sherriff Darr.

24. Defendant JOHN DOE #1 assaulted, battered, and used excessive force on Plaintiff Michael R. Martin by applying two electroshocks to Plaintiff Michael R. Martin.

25. The foregoing violated Plaintiff Michael R. Martin's right under the Fourth Amendment to be secure in his person from unreasonable seizures.

26. As a direct and proximate result of the foregoing, Plaintiff Michael R. Martin was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, him great physical, mental, and emotional pain and suffering, all to his general damage in an amount to be proven at trial.

27. As a direct and proximate result of the foregoing, Plaintiff Michael R. Martin was required to, and did, and will in the future, employ health care practitioners to examine, treat, and care for him, and did, and will in the future, incur medical and incidental expenses in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(§ 1983 – Excessive Force Against Defendant JOHN DOES # 2-6)**

28. Plaintiff Michael R. Martin hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

29. At all times relevant to the allegations in this complaint Defendant JOHN DOES # 2-6 were Adams County Deputy Sheriffs acting under color of state law.

30. The identity of Defendant JOHN DOES # 2-6 were, and are, known by Defendants Adams County, Adams County Commissioners, and Sherriff Darr.

31.     Defendant JOHN DOES # 2-6 physically assaulted, battered, and used excessive force on, Plaintiff Michael R. Martin.

32.     The foregoing violated Plaintiff Michael R. Martin's right under the Fourth Amendment to be secure in his person from unreasonable seizures.

33.     As a direct and proximate result of the foregoing, Plaintiff Michael R. Martin was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, him great physical, mental, and emotional pain and suffering, all to his general damage in an amount to be proven at trial.

34.     As a direct and proximate result of the foregoing, Plaintiff Michael R. Martin was required to, and did, and will in the future, employ health care practitioners to examine, treat, and care for him, and did, and will in the future, incur medical and incidental expenses in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(§ 1983 – Municipal Liability for Failure to Train and Supervise)**
**(Against Defendants Adams County and Adams County Commissioners)**

35.     Plaintiff Michael R. Martin hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

36.     Defendants Adams County and Adams County Commissioners had a duty to properly train and supervise Adams County Deputy Sheriffs in the appropriate use of electroshock weapons.

37.     Defendants Adams County and Adams County Commissioners failed to properly

train and supervise Adams County Deputy Sheriffs in the appropriate use of electroshock weapons.

38.     Defendants Adams County and Adams County Commissioners knew, or should have known, that Adams County Deputy Sheriffs would fail to recognize situations in which the use of an electroshock weapon was necessary and appropriate, resulting in the violation of detainees' Constitutional rights.

39.     By failing to properly train and supervise Adams County Deputy Sheriffs, despite knowing that serious physical injury, and even death, could be caused by the inappropriate, unnecessary, use of electroshock weapons, Defendants Adams County and Adams County Commissioners were deliberately indifferent to the health, safety, and Constitutional rights of detainees.

40.     Defendants Adams County and Adams County Commissioners could have, and should, have pursued reasonable methods for the training and supervising Adams County Deputy Sheriffs, but failed to do so.

41.     Defendants Adams County's and Adams County Commissioners' policies, customs, or practices in failing to properly train and supervise Adams County Deputy Sheriffs were the moving forces behind, and proximate cause of, violations of Plaintiff Michael R. Martin's Constitutional rights.

42.     As a direct and proximate result of the foregoing, Plaintiff Michael R. Martin was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, him

great physical, mental, and emotional pain and suffering, all to his general damage in an amount to be proven at trial.

43. As a direct and proximate result of the foregoing, Plaintiff Michael R. Martin was required to, and did, and will in the future, employ health care practitioners to examine, treat, and care for him, and did, and will in the future, incur medical and incidental expenses in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (§ 1983 – Supervisory Liability for Failure to Train and Supervise)
### (Against Defendant Sherriff Darr)

44. Plaintiff Michael R. Martin hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

45. Defendant Sherriff Darr had a duty to properly train and supervise Adams County Deputy Sheriffs in the appropriate use of electroshock weapons.

46. Defendant Sherriff Darr failed to properly train and supervise Adams County Deputy Sheriffs in the appropriate use of electroshock weapons.

47. Defendant Sherriff Darr knew, or should have known, that Adams County Deputy Sheriffs would fail to recognize situations in which the use of an electroshock weapon was necessary and appropriate, resulting in the violation of detainees' Constitutional rights.

48. By failing to properly train and supervise Adams County Deputy Sheriffs, despite knowing that serious physical injury, and even death, could be caused by the inappropriate, unnecessary, use of electroshock weapons, Defendant Sherriff Darr was deliberately indifferent

to the health, safety, and Constitutional rights of detainees.

49. Defendant Sherriff Darr could have, and should have, pursued reasonable methods for the training and supervising of Adams County Deputy Sheriffs, but failed to do so.

50. Defendant Sherriff Darr's policies, customs, or practices in failing to properly train and supervise Adams County Deputy Sheriffs were the moving forces behind, and proximate cause of, violations of Plaintiff Michael R. Martin's Constitutional rights.

51. As a direct and proximate result of the foregoing, Plaintiff Michael R. Martin was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, him great physical, mental, and emotional pain and suffering, all to his general damage in an amount to be proven at trial.

52. As a direct and proximate result of the foregoing, Plaintiff Michael R. Martin was required to, and did, and will in the future, employ health care practitioners to examine, treat, and care for him, and did, and will in the future, incur medical and incidental expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff Michael R. Martin respectfully requests that this Court enter judgment in his favor and against the Defendants, jointly and severally, and grant:

(a) Appropriate relief at law and equity;

(b) Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c) Punitive damages on all federal claims allowed by law and in an amount to be determined at trial;

(d) Attorneys fees and the costs of this action, including expert witness fees, on all claims allowed by law;

(e) Pre- and post-judgment interest at the lawful rate;

(f) Any further relief that this court deems just and proper, and any other relief as allowed by law.

PLAINTIFF REQUESTS A JURY ON ALL MATTERS SO TRIABLE.

Dated this 27th July 2008.

                              STEPHEN A. JUSTINO, P.C.

                              s/ Stephen A. Justino
                              _____
                              Stephen A. Justino
                              1125 Centerra Building
                              1873 South Bellaire Street
                              Denver, Colorado 80222
                              (303) 564-4169
                              (303) 691-5136 (FAX)
                              sajustino@pcisys.net

Plaintiff's Address:

117 S. Denver Ave.
Fort Lupton CO  80621