IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01585-REB-BNB

MICHAEL R. MARTIN,

    Plaintiff,

v.

ADAMS COUNTY, COLORADO;
ADAMS COUNTY BOARD OF COMMISSIONERS;
ADAMS COUNTY SHERIFF DOUG DARR, in his individual and official capacities; and
JOHN DOES 1-6 in Adams County individual and official capacities as Adams County Deputy Sheriffs,

    Defendants.
_____

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**
_____

    The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be defined as: (a)

Documents and information produced by Adams County, Adams County Board of Commissioners, Adams County Sheriff Doug Darr, John Does 1-6, and any subsequently named Defendant(s) in the above captioned civil action ("Defendants"), or any of Defendants' agents or representatives, when designated as "confidential" as provided herein, concerning current or former employees of Defendants, including personnel or personnel-related documents or internal memoranda or correctional, financial, personal identification and/or medical records of Plaintiff related to his incarceration in Adams County Detention Facility or any other facility, and (b) Documents and information produced by or obtained through releases produced by Plaintiff, concerning individual medical, educational, financial and/or tax records, inmate records and personal identification information, shall also be treated as confidential.

     4.     CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

     5.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;
    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
    (c) the parties and designated representatives for the entity Defendants;
    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
    (e) the Court and its employees ("Court Personnel");
    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
    (g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain verbal or written agreement from such person that he or she will be bound by its provisions.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order

within thirty (30) days of the aforementioned notice.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

      10.    The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

      11.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

      SO ORDERED.

      DATED December 18, 2008, at Denver, Colorado.

                                             BY THE COURT:

                                             s/ Boyd N. Boland
                                             United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 18th day of December 2008.

s/ Mari Newman
_____

Mari Newman
David A. Lane
Althea S. Licht
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
mnewman@kln-law.com
dlane@kln-law.com
aslicht@kln-law.com

ATTORNEYS FOR PLAINTIFF

s/ Heidi M. Miller
_____

Heidi M. Miller
Assistant County Attorney
Adams County Attorney's Office
450 S. 4th Avenue
Brighton, CO 80601
hmiller@co.adams.co.us

ATTORNEY FOR DEFENDANTS